## DELL'ORSO v. UNITED STATES RUBBER CO.

### Civil Action No. 3075.

District Court, E. D. Pennsylvania.

June 29, 1944.

B. N. Richter, of Philadelphia, Pa., for plaintiff.

Harry Reiss Axelroth, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action for damages for personal injuries sustained by plaintiff. I make the following special

### Findings of Fact:

1. Plaintiff is a resident of Philadelphia, Pennsylvania.

2. Defendant is a corporation organized and existing under the laws of the State of New Jersey.

3. On September 7, 1942, plaintiff was employed by the Westinghouse Electric & Manufacturing Company as a chipper of welded casings, and used a high speed device upon which was mounted a grinding wheel in the performance of his duties.

4. While plaintiff was at work, the grinding wheel broke into several parts, one of which struck plaintiff in the left leg, causing serious injury to him.

5. Plaintiff has failed to show that the grinding wheel was manufactured by defendant.

### Discussion.

Liability of the defendant in this case is predicated on the allegation that it was the manufacturer of the grinding wheel which broke and injured plaintiff. This question having been put in issue by the defendant, burden of proof thereof was upon the plaintiff.

The plaintiff in his own testimony made no effort to identify the grinding wheel as one manufactured by defendant. Prior to the accident he had no particular reason to investigate such a matter and apparently

had never done so. The broken parts of the wheel were not produced at the trial. Defendant was not notified of any claim that the broken wheel was manufactured by it until some months after the accident, and at that time the fragments were apparently no longer available for its inspection. The evidence showed that the wheel was of a standard size extensively used by Westinghouse Electric & Manufacturing Company, and that it purchased and used wheels of that size made by other manufacturers.

The only evidence offered by plaintiff to identify the wheel as one manufactured by defendant was a report by Carl Beck, the supervisor of the shop in which plaintiff was working at the time of the accident. This report was prepared by Beck within a couple of hours of the accident as a routine report in accordance with his instructions from Westinghouse, and was submitted by him to his superior. It stated in part: "Operator was grinding weld on blower casing discharge section, DWG20J904, item 76, SO2A7448. At the time of the accident operator was grinding weld where items 88 and 95 are joined together. Operator was using a 'Thor' side grinder with six inch by one-half inch Royalite stone #163–G247–3. Stone broke into three pieces, one part striking the operator's left leg between ankle and knee. Diameter of stone at the time of accident was 4.7/8 inches."

It was admitted by defendant that "Royalite" was a trade name of a grinding wheel manufactured only by it.

Beck was called to the witness stand by plaintiff to testify as to his preparation of the report. His testimony was confused and in some respects contradictory. He stated that he did not remember any identifying marks on the fragments of the wheel. He further testified that as far as he remembered he went to the tool room and obtained the trade name and number of the wheel which he noted in his report from another wheel in the tool room. Still further he testified he had no actual knowledge prior to writing his report regarding the make of the wheel and entered this information only on an assumption. He did not know whether every wheel had a different number on it.

Plaintiff contends that Beck's report was admissible in evidence under the Uniform Business Records as Evidence Act of 1939, 28 P.S. § 91b, which provides: "A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Defendant argues that it is inadmissible because the evidence as to its preparation demonstrates that it lacks one element which the authorities require as a basis for its admissibility, namely, a showing that the person who made the record had knowledge at the time of preparing the report of the facts entered thereon. Paxos v. Jarka Corporation, 314 Pa. 148, 171 A. 468; Freedman v. Mutual Life Insurance Co. of New York, 342 Pa. 404, 21 A.2d 81, 135 A.L.R. 1249. The sources of information relied upon by Beck and the method of preparation give force to the defendant's contention.

■ Assuming, without deciding, that the report is admissible, Beck's testimony certainly throws grave doubts on the probative value of the report. In view of the fact that the burden of proof of the identity of the manufacturer is on the plaintiff, I cannot accept this meager and uncertain evidence as sufficient to carry that burden, and accordingly plaintiff's claim that defendant is responsible for the injuries he sustained must fail.

I make the following

### Conclusions of Law:

1. Plaintiff has failed to sustain the burden of proving that defendant was the manufacturer of the grinding wheel which broke and injured him.

2. Judgment is entered in favor of the defendant.